UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:05CV-807-H

MYRTLE P. McGEE                                                                  PLAINTIFF

V.

YUM!BRANDS, INC.-LTD                                              DEFENDANT

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Myrtle P. McGee, appeals the denial of long-term disability benefits under an Employee Retirement Income Security Act ("ERISA") plan. Defendant, YUM! Brands, Inc., has moved for summary judgment based upon a review of the administrative record. For the reasons stated as follows, this Court must sustain that motion.

I.

Plaintiff seeks long-term disability benefits pursuant to an ERISA regulated Long Term Disability Plan (the "Plan"). She was employed by Long John Silvers, Inc., a subsidiary of YUM!, as a restaurant general manager. On February 13, 2003, Plaintiff applied for short-term disability benefits. On July 29, 2003, she applied for long-term disability benefits. Shortly thereafter, VPA, Inc. ("VPA"), the claims administrator for the Plan, initially determined her to be eligible for benefits under the Plan.

During the initial twenty-four months of disability under the Plan, an employee is considered disabled if she is unable to perform all of the material and essential duties of the employee's actual job. Plaintiff qualified for benefits under this standard. After the expiration

of this initial twenty-four month disability period, an employee is considered disabled and entitled to benefits under the Plan only if the employee is "unable to engage *in any gainful occupation* for which he is, or may reasonably become, qualified by education, training or experience . . . ." The Plan also provides that if an employee's disability is "caused or contributed to by a mental or nervous condition," benefits under the Plan will terminate after the initial twenty-four month benefit period. Toward the end of the twenty-four month period, VPA retained three expert consultants to evaluate Plaintiff and her employment prospects.

      VPA retained D. Changaris M.D. to perform an Independent Medical Evaluation ("IME"). Dr. Changaris concluded that while Plaintiff was not capable of performing occupations involving a light physical demand level, he did not rule out occupations involving a sedentary physical demand level. Further, he recommended certain limitations including "minimal lifting [less than 10 lbs.], no crawling, twisting, squatting, bending, stooping, climbing, no overhead work and no use of vibratory tools."

      VPA retained Healthsouth to perform a Functional Capacity Evaluation. Healthsouth concluded that Plaintiff was capable of performing a job involving the sedentary physical demand level for an eight hour day according to the U.S. Department of Labor Standards. The report also noted that there were inconsistencies in Plaintiff's performance of the tests, and that the evaluators noticed self-limiting behaviors. As a result, the report stated that Plaintiff's actual physical performance capabilities may actually be higher.

      Finally, VPA asked CorVel Corporation ("CorVel") to conduct an Employability Assessment. Its report concluded that there were several types of jobs in the area where Plaintiff lives requiring only the sedentary physical demand level, including customer service

representative, service clerk and routing clerk. Plaintiff had an opportunity to submit additional medical or occupational evidence. She submitted only a brief and inconclusive letter from her treating physician.

On December 16, 2004, VPA notified Plaintiff that her benefits were terminated effective March 1, 2005. The letter stated that with the expiration of the initial twenty-four month benefit period, she no longer met the definition of totally disabled as set forth in Section 2.26 of the Plan. The letter noted that the Functional Capacity Evaluation and Employability Assessment concluded that she was capable of performing occupations requiring the sedentary physical demand level and that as such, she was not "unable to engage in any gainful occupation for which he is, or may reasonably become, qualified by education or training or experience . . . ."

In February 2005 Plaintiff appealed VPA's decision to terminate her benefits. On May 19, 2005, VPA upheld its initial decision to terminate Plaintiff's benefits. In addition to the reasons cited in the letter of December 16, 2004, VPA cited Article 4.4(d) of the Plan terminating benefits after the initial twenty-four month disability period where the alleged disability is "caused or contributed to by a mental or nervous condition." This lawsuit followed in due course.

II.

Where, as here, a disability plan subject to ERISA grants the administrator discretionary authority to determine eligibility for benefits or to construe the terms of the plan, the arbitrary and capricious standard applies. *See Williams v. Int'l Paper Co.*, 227 F.3d 706, 711 (6th Cir. 2000). Whether an administrator acted in an arbitrary and capricious manner in determining eligibility for benefits may be decided by a court as a matter of law. *Firestone Tire & Rubber v.*

*Bruch*, 489 U.S. 101 (1989). The Court's review is limited to the plan administrator's claims file. The arbitrary and capricious standard is the "least demanding form of judicial review of administrative action." *Williams,* 227 F.3d at 712. A decision is not arbitrary and capricious "when it is possible to offer a reasoned explanation, based on the evidence, for a particular outcome." *Id*. Indeed, after the initial twenty-four (24) months disability period has ended, Plaintiff has the burden of proving her entitlement to further benefits.

VPA obtained three separate evaluations: the IME performed by Dr. Changaris; the Functional Capacity Evaluation performed by Healthsouth, and the Employability Assessment performed by CorVel. The IME concluded that Plaintiff was incapable of light duty, but it did not rule out occupations requiring only the sedentary physical demand level. The Functional Capacity Evaluation concluded that Plaintiff was capable of performing occupations requiring a sedentary physical demand level, and the limitations it found were consistent with those recommended by the IME. Finally, the Employability Assessment concluded that Plaintiff could find jobs with low physical demands. These evaluations strongly support VPA's decision to terminate benefits under the Plan's specific guidelines. Plaintiff does not argue that this Court should ignore or completely discount these evaluations due to any independent circumstances.

Plaintiff's only submission in support of her claim for continued benefits was a letter from her treating physician dated January 26, 2005 stating his belief "that the patient is totally disabled." However, her treating physician provided no explanation whatsoever for the opinion that she was totally disabled and his opinion is not stated to a reasonable degree of certainty within the medical profession. Plaintiff does not make a persuasive argument that this brief letter overcomes the weight of Defendant's evidence supporting its decision to deny benefits.

4

There is no doubt that Plaintiff has some serious medical conditions. However, Plaintiff has a heavier burden at this stage of the proceedings. This Court must conclude that VPA's decision is supported by substantial evidence in the record and, therefore, is not arbitrary or capricious. Under these circumstances, the Court must affirm the denial of long term benefits. The Court need not address any other issues.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Defendant's motion for summary judgment is SUSTAINED and Plaintiff's complaint is DISMISSED WITH PREJUDICE.

This is a final and appealable order.

cc:   Counsel of Record